UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:12-cv-21695-CMA

A AVENTURA CHIROPRACTIC
CENTER, INC.,

        Plaintiff,

v.

MED WASTE MANAGEMENT LLC, et al.,

        Defendants.
_____/

## ANSWER TO SECOND AMENDED COMPLAINT

Defendants Med Waste Management LLC ("Med Waste") and Avrohom Prager ("Prager," and together with Med Waste, "Defendants"), by their attorneys, Coffey Burlington, PL and Haynes and Boone LLP, for their answer to the Second Amended Complaint (the "Complaint") herein state:

1. As paragraph 1 merely contains a summary of the subject matter of this action, no response is necessary.

2. As paragraph 2 merely states conclusions of law, no response is necessary.

3. As paragraph 3 merely contains a summary of the subject matter of this action, no response is necessary.

4. Deny knowledge or information sufficient to form a belief as to the truth of the class allegations in paragraph 4 of the Complaint, and state that the remaining allegations in paragraph 4 contain a summary of the subject matter of this action to which no response is necessary.

5. Deny the allegations in paragraph 5 of the Complaint to the extent they suggest that plaintiff is entitled to damages.

6. As paragraph 6 merely states conclusions of law, no response is necessary.

7. Deny the allegations in paragraph 7 of the Complaint to the extent they suggest that defendants committed a statutory tort, and state that the remaining allegations in paragraph 7 state conclusions of law to which no response is necessary.

8. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 8 of the Complaint.

9. Deny the allegations in paragraph 9 of the Complaint.

10. Admit the allegations in paragraph 10 of the Complaint.

11. Deny the allegations in paragraph 11 of the Complaint.

12. Admit that Prager is a member of Med Waste, but otherwise deny the allegations in paragraph 12 of the Complaint.

13. As paragraph 13 merely contains a placeholder, no response is necessary.

14. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 14 of the Complaint, refer to the document referenced, and state that further discovery is required in order to formulate an answer to the allegations set forth therein.

15. Deny the allegations in paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the Complaint.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. As paragraph 21 merely states conclusions of law, no response is necessary. To

the extent any response is necessary, deny the allegations set forth therein.

22. As paragraph 22 merely repeats prior allegations, no response is necessary.

23. As paragraph 23 merely states conclusions of law, no response is necessary.

24. As paragraph 24 merely states conclusions of law, no response is necessary. To the extent any response is necessary, deny the allegations set forth therein.

25. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 26 of the Complaint, but deny any wrongdoing alleged therein.

27. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 27 of the Complaint, but deny any wrongdoing alleged therein.

28. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 28 of the Complaint.

29. As paragraph 29 merely states conclusions of law, no response is necessary.

30. As paragraph 30 merely states conclusions of law, no response is necessary.

31. As paragraph 31 merely states conclusions of law, no response is necessary.

32. As paragraph 32 merely states conclusions of law, no response is necessary.

33. As paragraph 33 merely states conclusions of law, no response is necessary.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint to the extent they suggest defendants are liable to plaintiff, and state that the remaining allegations in paragraph 35 state conclusions of law to which no response is necessary.

36. Deny the allegations in paragraph 36 of the Complaint.

CASE NO.: 1:12-cv-21695-CMA

37. Deny the allegations in paragraph 37 of the Complaint.

38. As paragraph 38 merely repeats prior allegations, no response is necessary.

39. As paragraph 39 merely states conclusions of law, no response is necessary.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 41 of the Complaint.

42. Deny the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 44 of the Complaint.

45. Deny the allegations in paragraph 45 of the Complaint.

46. Deny the allegations in paragraph 46 of the Complaint.

47. Deny the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Deny the allegations in paragraph 49 of the Complaint.

### First Affirmative Defense

This action is not appropriate for class treatment.

**WHEREFORE**, Defendants request that the Complaint be dismissed in its entirety, together with such other and further relief that the Court may deem just and proper.

CASE NO.: 1:12-cv-21695-CMA

- 5 -

Dated: November 21, 2012

Respectfully submitted,

By: <u>/s Kevin C. Kaplan</u>
Kevin C. Kaplan, Esq.
COFFEY BURLINGTON, PL
Office in the Grove, Penthouse
2699 South Bayshore Drive
Miami, FL 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
kkaplan@coffeyburlington.com

HAYNES AND BOONE, LLP
Kenneth J. Rubinstein, Esq.
Sarah Jacobson, Esq.
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone: (212) 659-7300
ken.rubinstein@haynesboone.com
*Admission Pro Hac Vice Pending*

*Counsel for Defendants Med Waste Management LLC and Avrohom Prager*