IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| A AVENTURA CHIROPRACTIC CENTER, INC., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:12-cv-21695 ) |
| v. | ) Judge Cecilia M. Altonaga ) |
| MED WASTE MANAGEMENT, LLC, a New York limited liability company, AVROHOM PRAGER, | ) Magistrate Andrea M. Simonton ) ) ) |
| Defendants | ) |

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE SETTLEMENT CLASS**

Plaintiff, A Aventura Chiropractic Center, Inc. ("A Aventura"), on behalf of itself and the certified class of similarly-situated persons (identified herein as the "Class"), respectfully requests that this Court enter an order (1) preliminarily approving the proposed class-wide Settlement Agreement attached hereto as <u>Exhibit A</u> (the "Agreement"), (2) approving the forms of Class Notice attached as Exhibits 2A and 2B to the Agreement and authorizing their distribution to the Class, and (3) setting dates for opt-outs, objections, and a fairness hearing. A proposed Order Preliminarily Approving Class Action Settlement and Approving Class Notice is attached as Exhibit 1 to the Agreement and submitted as <u>Exhibit B</u> to this motion.

**I.    BACKGROUND AND SUMMARY OF SETTLEMENT**

1.    Plaintiff's Class Action Complaint alleges that Med Waste Management, LLC and Avrohom Prager (collectively "Med Waste" or "Defendants"), violated the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and regulations promulgated

1

by the Federal Communications Commission, by faxing advertisements that did not contain a clear and conspicuous notice that complies with the TCPA and FCC regulations.

2. Defendants promptly tendered their defense of this litigation to their insurers, James River Insurance Company ("James River"), which had issued a commercial general liability policy to Defendants under Policy Number 00041766-0, in effect from January 13, 2010 through January 13, 2011. James River denied coverage and refused to defend Defendants in this Litigation.

3. On July 3, 2013, this Court granted Plaintiff's motion for class certification and certified the following class:

> All persons who were sent one or more facsimiles in May 2010 from "Med Waste Management" with the phone number "888-431-6386" and offering "Guaranteed 20% Savings."

4. After reviewing and analyzing the legal and factual issues presented in this action, the risks and expenses involved in pursuing the litigation to conclusion, the likelihood of a damage award in excess of that negotiated in this settlement, the protracted nature of the litigation, and the likelihood, costs, and possible outcomes of one or more procedural and substantive appeals, Plaintiff and Defendants reached an agreement to settle this case on a class-wide basis. The parties negotiated their Settlement Agreement (Exhibit A) in good faith and at arm's length.

5. The Affidavit of Avrohom Prager is attached as Exhibit 5 to the Settlement Agreement and submitted in support of the settlement.

6. Because of Defendants' inability to pay except through their insurance policies, Plaintiff's attorneys decided that the settlement is fair, reasonable, and adequate for the Settlement Class.

7. The key terms of the Agreement are as follows:

(a) <u>Judgment and Payment</u>. Plaintiff moves the Court to enter judgment in favor of the Settlement Class and against Med Waste, LLC in the total amount of $10,000,000.00 for all claims that were brought or could have been brought arising out of the at least 20,000 faxes sent in May 2010 (the "Judgment"). Defendants do not oppose the motion. In partial satisfaction of the Judgment, Med Waste, LLC will pay $10,000.00, which will be used toward Plaintiff's out of pocket litigation expenses, including the cost of notice of this settlement. In exchange for the Settlement, and except for the $10,000.00 payment from Med Waste, LLC referenced in this paragraph, Plaintiff and the Class covenant not to execute against Defendants or Defendants' assets other than insurance to collect the Judgment.

(b) <u>Covenant Not to Execute.</u>  Plaintiff and the Class have agreed not to seek to execute against, attach, lien, or otherwise seek to acquire any interest in the property or assets of Defendants or any of their members, partners, agents, officers, directors, shareholders, and employees of any kind (except for their insurers and other than the proceeds of Defendants' insurance policies and the $10,000.00 payment from Med Waste, LLC required above) to satisfy or recover on the Judgment, and agree to seek recovery to satisfy the Judgment only from Defendants' insurance policies and from the $10,000.00 payment from Med Waste, LLC required above. Plaintiff and the Class agree not to execute against Defendants' non-insurance assets—outside of the $10,000.00 payment from Med Waste, LLC required above—even if a determination is made that James River does not owe defense or indemnity coverage for the claims alleged in the Litigation.

(c) <u>Class Notice.</u> The parties propose to send notice by fax to the fax numbers in question and also by publication in USA Today on one date. The proposed notices are attached to the Agreement as Exhibits 2A (fax notice) and 2B (publication notice).

(d) <u>Attorney's Fees and Costs and Incentive Award</u>. Class counsel applies to receive attorney's fees of 25% of the future recovery from James River, plus out-of-pocket costs incurred. Defendants do not oppose this request. Class counsel also applies for Plaintiff to receive a $15,000.00 incentive award to be paid only from a recovery from the insurance. Defendants do not oppose this request.

## II. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT.

8. "Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007), *citing* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed.2004). "At the preliminary-approval step, the Court is required to 'make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms.'" *Id., quoting* Annotated Manual for Complex Litigation § 21.632. "A proposed settlement should be preliminarily approved if it 'is within the range of possible approval or, in other words, [if] there is "probable cause" to notify the class of the proposed settlement.'" *Id.*, *quoting Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc. .,* 855 F.Supp. 825, 827 (E.D.N.C.1994 and *Armstrong v. Board of School Directors,* 616 F.2d 305, 312 (7th Cir.1980)). "In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement." *Id.*

9. A court may approve a settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e)(2). *See Nelson v. Mead Johnson & Johnson Co.*, 484 Fed.Appx. 429, 434 (11th Cir. 2012). It is well-established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See In re*

4

*Checking Account Overdraft Litig.*, 830 F.Supp.2d 1330, 1341 (S.D. Fla. 2011), *quoting In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) (The Rule 23(e) analysis should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement"); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d at 1341, *quoting In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir. 1977).

10. The factors for consideration are: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, length and expense of further litigation; (5) opposition to the settlement; and (6) the stage of the proceedings at the time of settlement. *See Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011), *citing In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1315 (11th Cir. 2009).

11. Here, consideration of these factors shows the proposed settlement is within the range of possible approval, so notice should be sent and a fairness hearing should be scheduled. The Parties agree that the Settlement Class includes thousands of persons to whom Defendants sent at least 20,000 advertisements by fax in May 2010. The Court has already certified the class. While Defendants have raised defenses to liability, the TCPA is essentially a strict liability statute. *See Alea London Limited v. American Home Services, Inc.,* 638 F.3d 768, 776 (11th Cir. 2011); *Penzer v. Transp. Ins. Co.,* 545 F.3d 1303, 1311 (11th Cir.2008).

12. A finding of Defendants' liability to the Settlement Class under the TCPA, with statutory damages of $500.00 per fax, would result in a damage award of at least $10,000,000.00. And the statute allows for treble damages. Thus, the range of potential damages is at least $10,000,000.00 to $30,000,000.00.

13. Given Defendants' inability to pay any judgment more than $10,000.00 from anything other than its insurance assets, however, a payment of $10,000.00 plus a judgment collectible from Defendants' insurance is a reasonable compromise of the Class's claims and well within the range of potential recovery. Defendants would have to file for bankruptcy if the Class were to pursue collection of a money judgment solely against Defendants. As an unsecured judgment creditor, the Class would likely recover less than the costs and expenses of litigating their claims in bankruptcy, and would be forced to seek recovery from the insurance anyway.

14. Med Waste, LLC purchased an insurance policy covering the relevant time period. That insurance provides a source from which the Settlement Class can seek compensation for their claims against Defendants. Defendants promptly tendered their defense in the Litigation to their insurer, James River Insurance Company ("James River"), which had issued a commercial general liability policy (the "Policy") to Defendants under Policy Number 00041766-0 for the policy period January 13, 2010 to January 13, 2011. James River denied coverage and refused to defend Defendants in this Litigation under the Policy.

15. Because Defendants' insurance policies are the only practical source for the satisfaction of any judgment in the Class's favor above $10,000.00, it is in the Class's best interests to avoid future litigation costs that do not relate to obtaining that insurance. Further litigation of the underlying claims against Defendants in this Court, on appeal, or in bankruptcy

6

will be expensive for the Class and will not move the class members closer to collecting any money. On the other hand, if this action is settled, the Class can concentrate the efforts on seeking recovery from James River. The settlement should be preliminarily approved because it will minimize the inevitable costs of future litigation of this matter.

16. Because notice of the settlement has not yet been sent, any opposition by absent class members is unknown and can only be addressed at the final approval hearing.

17. The stage of proceedings and amount of discovery supports preliminary approval. The Settlement Class includes the thousands of persons to whom Defendants sent more than 20,000 facsimiles in May 2010. The settlement was reached after written and oral discovery and the exchange of sufficient information detailing Defendants' faxing activities.

### III. THE COURT SHOULD APPROVE NOTICE TO THE SETTLEMENT CLASS.

18. The parties propose to issue notice by faxing the Class Notice to each member of the Class and also by publication in USA Today. A copy of the proposed fax and publication notices are attached as Exhibits 2A and 2B to the attached Agreement.

19. Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F.2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F.2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

20. Rule 23 (C)(2)(B) requires that the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Here, the notice will be sent to the class members using their known fax number. And, as a backstop, the notice will also be provided in the most widely circulated national newspaper.

21. Also, the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c)(3)." Here, the proposed notice satisfies all of these requirements.

22. Finally, Rule 23 (e)(1) provides that notice should be given in "a reasonable manner." Here, the parties have agreed to a reasonable manner of notice; fax to the fax numbers in question and publication.

23. In conclusion, the proposed notice meets the legal standards for appropriate notice and satisfies Rule 23. Therefore, the Court should approve the proposed notice and authorize its dissemination to the Settlement Class.

## IV.  THE COURT SHOULD SCHEDULE A FINAL FAIRNESS HEARING.

24. Finally, Plaintiff requests that the Court schedule a final fairness hearing to determine whether the settlement should be finally approved. A proposed Final Approval of Agreement and Judgment is attached as Exhibit 3 to the attached Agreement.

## V.  CONCLUSION.

WHEREFORE, Plaintiff, A Aventura Chiropractic Center, Inc., respectfully requests that this Court enter a preliminary approval order in the form attached as Exhibit 1 to the Agreement (and Exhibit B hereto), granting preliminary approval of the proposed settlement, directing that the members of the Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit 2 to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing.

                                              s/Ryan M. Kelly
                                              Ryan M. Kelly, Esq.
                                              Anderson + Wanca
                                              3701 Algonquin Road, Suite 760
                                              Rolling Meadows, IL  60008
                                              rkelly@andersonwanca.com
                                              Telephone:  (847) 368-1500
                                              Facsimile:   (847) 368-1501

*Counsel for Plaintiff A Aventura Chiropractic Center, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2013 I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to all counsel of record.

/s/ Ryan M. Kelly