## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into on the date of execution noted below, by and between, A AVENTURA CHIROPRACTIC CENTER, INC. ("Plaintiff"), on behalf of itself and as the putative representative of the following putative class: "All persons who were sent one or more facsimiles in May 2010 from 'Med Waste Management' with the phone number '888-431-6386' and offering 'Guaranteed 20% Savings'" (hereinafter, the "Class"), on the one side, and AVROHOM PRAGER and MED WASTE MANAGEMENT LLC (collectively, "Defendants," unless otherwise noted), on the other side.  The parties to this Agreement are collectively referred to herein as the "Parties."

WHEREAS, Plaintiff and Defendants are parties to a civil action captioned *A AVENTURA CHIROPRACTIC CENTER, INC. v. MED WASTE MANAGEMENT LLC and AVROHOM PRAGER,* Case No. 12 CV 21695, pending in the United States District Court of for the Southern District of Florida and assigned to Judge Cecilia M. Altonaga (the "Litigation"); and

WHEREAS, Plaintiff has alleged in the Litigation that (1) Defendants violated the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 and corresponding FCC regulations by faxing advertisements without the recipients' prior express invitation or permission, and (2) Defendants are liable for conversion of the Class' fax machine paper, toner, and memory and valuable time; and

WHEREAS, the Parties desire to resolve all claims, demands, and liabilities that Plaintiff and the Class asserted or could have asserted in the Litigation; and

WHEREAS, Plaintiff's counsel has investigated the relevant facts and law relating to the Litigation; and

N-234327_9

**WHEREAS**, the Parties have agreed that resolution of the Litigation in the best interests of all Parties; and

**WHEREAS**, Plaintiff alleges that the Class includes all persons to whom Defendants sent fax advertisements without prior express permission or invitation and without the opt-out language required by 64 C.F.R. 1200; and

**WHEREAS**, Plaintiff alleges that in May 2010, Defendants sent over 20,000 fax advertisements without prior express permission or invitation; and

**WHEREAS**, a finding of liability under the TCPA could result in damages of up to $1,500.00 per fax (*i.e.*, a damages award of $30,000,000.00), before pre-judgment interest, attorney's fees and expenses; and

**WHEREAS**, Defendants are without the financial means to satisfy such a judgment; and

**WHEREAS**, James River Insurance Company ("James River") issued a commercial general liability policy to Med Waste (policy number 00041766-0), covering the period January 13, 2010 through January 13, 2011 (the "Insurance Policy"); and

**WHEREAS**, Med Waste provided notice of the Litigation to James River, however, James River refused to defend and denied coverage under the Insurance Policy; and

**WHEREAS**, Defendants are making no warranty or representation that Plaintiff and the Class will be able to recover from James River; and

**WHEREAS**, after considering: (1) the benefits to the Class, (2) the potential inability for Defendants to satisfy a judgment if Plaintiff and the Class prevailed in the Litigation, (3) the attendant risks, costs, uncertainties, and delays of litigation, and (4) the Insurance Policy and the potential coverage claims, Plaintiff and its counsel have concluded the terms and conditions provided for in this Agreement are fair, reasonable, and adequate, and in the best interests of the Class as a means of resolving the Litigation; and

**WHEREAS**, after considering, among other things, the expense, delay, and uncertainty that would result from the continuation of the Litigation, and the potential liability and exposure which could exceed the limits of the Insurance Policy, Defendants have determined that it is appropriate to resolve the Litigation upon the terms and conditions set forth in this Agreement; and

**WHEREAS**, this Agreement has been negotiated in good faith and arm's length by the Parties and their respective counsel; and

**WHEREAS**, the Parties stipulate and agree that the claims asserted in the Litigation should be and are hereby compromised and settled, subject to the approval of the Court, upon the following terms and conditions.

**NOW THEREFORE**, in consideration of the mutual promises contained herein and other good and valuable consideration, the Parties agree as follows:

1.  <u>Recitals</u>.  The recitals set forth above are incorporated herein and are made part of this Agreement.

2.  <u>For Settlement Only</u>.  This Agreement is entered into for purposes of resolving any and all disputes between Defendants, Plaintiff, and the Class.  The assertions, statements, and representations made herein are for settlement purposes only and the Parties expressly agree that if this Agreement is not finally approved, this Agreement is null and void and may not be used by any party for any purpose.

3.  <u>Preliminary Approval and Class Notice</u>.  The Parties agree to jointly move the Court for the entry of an order preliminarily approving this Agreement.  The Parties will request that the Court enter an "Order Certifying the Settlement Class, Preliminarily Approving the Class Action Settlement, and Approving the Class Notice," in substantially the form attached hereto as Exhibit 1.  Additionally, the Parties will request that the Court approve a "Notice of Class Action

and Proposed Settlement," in substantially the form attached hereto as Exhibit 2A, which will be sent by fax, and in the form attached hereto as Exhibit 2B, and which will be by publication in USA Today on one (1) date.

    4.   <u>Payment for Initial Notice</u>.  If the Court preliminarily approves this Agreement, Med Waste will pay costs for sending the initial class notice by facsimile and by publication in USA Today on one (1) date, which payment is part of the $10,000.00 payment Med Waste has agreed to provide under this Agreement (as set forth in Section 10 below), and which payment shall under no circumstances exceed $10,000.00.

    5.   <u>Judgment</u>.  Med Waste agrees to the entry of a judgment against it in the amount of $10,000,000.00 (the "Judgment") on Counts I and II of the Second Amended Complaint in favor of the Class, *provided, however*, that the Judgment may not be satisfied from or executed on any assets or property of Defendants, or their officers, directors, employees, members, shareholders, agents, executors, successors and assigns, other than as against James River.  The Judgment will be effective as of the Effective Date of this Agreement (as defined below).  If the Court does not grant final approval of the settlement contemplated under this Agreement or if the Court's Order granting final approval is reversed or substantially modified on appeal, then this Judgment shall be null and void.  Furthermore, Defendants do not waive any defenses and Plaintiff agrees that nothing contained in this Agreement or revealed in negotiating the same can be used in prosecuting this action if the Judgment becomes null and void for any reason.  The Judgment shall indicate on its face that it may only be satisfied from James River.  The Judgment may not be satisfied from attaching, executing on, or otherwise acquiring any other asset or property, or seeking an interest in any property, of Defendants or its officers, directors, employees, members, shareholders, agents, executors, successors and assigns.

5.1.   <u>Assignment of Claims and Rights Against Insurer</u>.  As part of this Agreement, Med Waste will assign to the Class (as represented by Plaintiff and its attorneys), all of Med Waste's claims against and rights to payments from James River.

6.   <u>Covenant Not to Execute and Not to Sue</u>.  Plaintiff and the Class agree not to seek to execute on, attach or otherwise acquire any of the property or assets of Defendants and/or its officers, directors, employees, members, shareholders, agents, executors, successors and assigns of any kind other than from the Insurance Policy and claims against James River to satisfy or recover on the Judgment and agree to seek recovery to satisfy the Judgment only against James River.  After preliminary approval, Class counsel will undertake to prosecute actions to permit recovery against James River.  The Parties recognize and acknowledge that it is possible that no recovery may be obtained from James River.

7.   <u>Condition Precedent</u>.  It shall be a condition precedent for the validity and enforceability of this Agreement that the Court shall find that:

(a)   This Agreement was made in reasonable anticipation of potential liability against Defendants which would arise from a finding that Defendants sent at least 20,000 fax advertisements without receiving prior express permission and without the opt-out notice required by 64 C.F.R. 1200;

(b)   The settlement amount is fair and reasonable because it is within the range of statutory damages that could be awarded for the claims made by the Class and potential damages that could be awarded if the Class prevailed on its claims;

(c)   Defendants' decision to settle is reasonable based on the risk of an adverse judgment, the cost of defense, and the uncertainties of litigation;

(d)     The evidence adduced during discovery supports a finding that over 20,000 faxes were sent on behalf of Med Waste in May 2010 which did not contain the opt-out notice required pursuant to 64 C.F.R. 1200;

(e)     Defendants did not believe that they or the entity retained by Med Waste (i.e., Adverfax) were violating any laws or regulations by sending faxes;

(f)     Defendants did not intentionally, willfully or knowingly violate the TCPA; and

(g)     Defendants tendered the Litigation to James River for defense and indemnity and James River denied coverage to Defendants under the Insurance Policy;

If the Court does not make the above findings, this Agreement shall be null and void.

8.      <u>Effective Date</u>.  This Agreement shall be effective upon the date on which the final order, judgment, and decree become a final, non-appealable order, or if an appeal has been sought, after the disposition of any such appeal which approves the Court's final order, judgment and decree, and the terms and provisions of this Agreement, and the consummation of the settlement in accordance with the terms and provisions of this Agreement (the "Effective Date").

9.      <u>Class Enjoined</u>.  On the Effective Date, Plaintiff and the Class members who do not opt-out as described below will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants and any of their officers, directors, employees, members, shareholders, agents, executors, successors and assigns, in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Litigation and/or the settled claims as defined

in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants and its officers, directors, employees, members, shareholders, agents, executors, successors and assigns (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims.

Plaintiff and each Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendants and their officers, directors, employees, members, shareholders, agents, executors, successors and assigns not to execute on the Judgment against Defendants, its officers, directors, employees, members, shareholders, agents, executors, successors and assigns, but rather have agreed to pursue collection of the Judgment against James River. This provision does not release the Judgment against Defendants to be entered herein, nor does it release the asserted claims that are the basis for the entry of the Judgment or the right to enforce the Judgment (which claims are merged into this Judgment) in favor of the Plaintiff and the Class against James River.

10.    <u>Relief to Plaintiff and the Class</u>.  The Judgment will comprise the Class recovery. Plaintiff, the Class, and their counsel, at their sole expense, will pursue and attempt to recover the Judgment against James River.  Anderson + Wanca ("Class Counsel") shall use their best efforts to recover on the Judgment from James River.  Each Class member, including Plaintiff, that does not opt out or exclude itself from the Settlement, will receive a pro rata share of the amount recovered from the insurance companies by judgment or settlement.  This amount is

subject to further litigation and potential compromise with James River, a deduction of attorney's fees of 25 percent plus litigation expenses for Plaintiff's attorneys, and an incentive award not exceeding $15,000.00 to Plaintiff for representing the Class. Any amount recovered pursuant to the Judgment and remaining after payment of all costs of class notice and claims administration, the incentive payment to Plaintiff, the attorney's fees and litigation expenses to Plaintiff's attorneys, and the amounts paid to and received by the Class members, shall be paid as a *cy pres* remedy to charities proposed by Plaintiff as approved by the Court.

Med Waste agrees to pay amounts spent for the initial notice to the Class within 30 days of the presentment of the invoice (as more fully described in Sections 3 and 4 above), in an amount not to exceed $10,000.00. Med Waste agrees to pay the remainder of the $10,000.00, if any, within 90 days of the Effective Date. For the sake of clarity, any amount paid for the initial notice to the Class shall be deducted from the amount due and payable after the Effective Date.

Plaintiff's attorneys have determined that this settlement is a fair, reasonable, and adequate compromise for the Class.

11.     Attorney's Fees, Notice Costs and Related Matters. Plaintiff's attorneys shall, subject to approval by the Court, receive attorney's fees of 25 percent, plus litigation expenses, from any recoveries for the Class from James River. Class notification by facsimile and publication will be arranged by Plaintiff's attorneys. Med Waste has agreed to pay for the cost of the initial class notification upon the entry of the Preliminary Approval Order (as more fully described in Section 3 above). Payment shall be made payable to Anderson + Wanca and shall be delivered to Anderson + Wanca.

12.     Cooperation. Plaintiff and Defendants agree to cooperate fully with one another to effect the consummation of this Agreement. Defendants agree to provide reasonable assistance to Plaintiff's counsel and comply with any subpoena issued by Plaintiff in any action

against James River.  Upon reasonable request of Plaintiff's counsel, in any action against James River by Plaintiff, Defendants agree to identify and provide Plaintiff's counsel with an authorization for Plaintiff to obtain discovery from the telephone and/or facsimile carriers Defendants used during the relevant time period.  Plaintiff's counsel agrees to provide Defendants with a letter substantially in the form of Exhibit 4 attached hereto.

13.    <u>Notice and Class Administration</u>.  Plaintiff's counsel will issue notice of the settlement described herein by fax and by publication (as more fully described in Sections 3 and 4 above).  Plaintiff's counsel shall file a final accounting of all settlement funds within sixty days of receipt of funds from James River.  Plaintiff's counsel shall distribute any recovery obtained on the Judgment from James River to the Class as required by the Court.  All disbursements from the settlement fund resulting from any recovery from James River shall be approved by the Court.

14.    <u>Dismissal of Remaining Defendants</u>. Defendant Avrohom Prager shall be dismissed as a party to the Litigation, with prejudice, within five (5) business days of the later of the Effective Date and any payments due from Med Waste pursuant to Section 10.

15.    <u>Preliminary Approval</u>.  As soon as practicable after execution of this Agreement, the Parties shall apply to the Court for an order that:

(a)    Certifies the Class;

(b)    Preliminarily approves this Agreement; and

(c)    Finds that the transmission of the Class Notice by fax and publication of the Class Notice specified herein is the only Notice required and that such Notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure; and that

(d)    Makes all of the findings set forth in Section 7 above.

The parties agree to propose the form of Preliminary Approval Order attached here as Exhibit 1 and to request the forms of Notice attached hereto as Exhibit 2A and 2B.  The fact that the Court may require non-substantive changes in the Notice or Preliminary Approval Order does not invalidate this Agreement.  However, this Agreement is expressly contingent upon the Court making the findings described herein, entering the Preliminary Approval Order and Final Order containing the Judgment.

16.     <u>Final Approval</u>.  At the conclusion of, or as soon as practicable after the close of the hearing on the fairness, reasonableness, and adequacy of this Agreement, counsel for the Parties shall request that the Court enter a Final Order:  (1) approving the terms of this Agreement; (2) making the findings set forth in paragraph 15 above; (3) providing for the implementation of these terms and provisions of this Agreement; (4) finding that the Notice given to the Class satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process; (5) entering the Judgment; (6) finding the Agreement prohibits Plaintiff and the Class from executing against any assets or property of any kind of Defendants or their officers, directors, employees, members, shareholders, agents, executors, successors and assigns other than the Insurance Policies and against James River; and (7) retaining jurisdiction to enforce the provisions of this Agreement.

17.     <u>Form of Final Order</u>.  The Parties agree to request a Final Order in the form attached hereto as Exhibit 3.  The fact that the Court may require non-substantive changes in the Final Order does not invalidate this Agreement.

18.     <u>Satisfaction.</u>  Upon the later of 30 days after payment or satisfaction in full or settlement of the Judgment, or the date of a final and non-appealable order entered by a Court in any litigation Plaintiff or the Class brings against James River, without further deed or action, Plaintiff and the Class shall be deemed to irrevocably and unconditionally release Defendants,

their officers, directors, employees, members, shareholders, executors, agents, successors and assigns, of and from all claims, demands, actions causes of action, rights of action, contracts, controversies, covenants, obligations, agreements, damages, penalties, interest, fees, expenses, costs, remedies, reckonings, extents, responsibilities, liabilities, suits, and proceedings of whatsoever kind, nature, or description, direct or indirect, vested or contingent, known or unknown, suspected or unsuspected, in contract, tort, law, equity, or otherwise, under the laws of any jurisdiction, that they or their predecessors, legal representatives, successors and assigns, ever had, now has, or hereafter can, shall, or may have, against Defendants, their officers, directors, employees, members, shareholders, executors, agents, successors and assigns, as set forth above, jointly or severally, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world through, and including, the Effective Date, including, without limitation, those that were asserted or that could have been asserted in the Litigation, or which arise or relate in any way to the Litigation or any dealings the parties may have had up until the date of this Agreement.

By the later of 30 days after payment or satisfaction in full or settlement of the Judgment, or the date of a final and non-appealable order entered by a Court in any litigation Plaintiff or the Class brings against James River, the Class shall file a Satisfaction of Judgment reflecting that the Judgment has been satisfied in full.

19.   <u>Miscellaneous Provisions</u>.

A.   Requests for exclusion and objections to the Settlement Agreement or notices to Plaintiff and the Class shall be sent to Plaintiff's attorney:

Ryan M. Kelly
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008

B.      Requests for exclusion and notices to Defendants shall be sent to:

Kenneth J. Rubinstein
HAYNES AND BOONE, LLP
30 Rockefeller Plaza, 26th Floor
New York, NY 10112

C.      This Agreement may not be changed or altered, except by a writing signed by both parties. Until such time as this Agreement has been executed and subscribed by the Parties: (i) its terms and conditions and any discussion relating thereto, without any exception whatsoever, shall not be binding nor enforceable for any purpose upon any party; and (ii) no provision contained herein shall be construed as an inducement to act or to withhold an action, or be relied upon as such. This Agreement (together with the exhibits hereto) constitutes an integrated, written contract, expressing the entire agreement and understanding between the Parties with respect to the subject matter hereof and supersedes any and all prior agreements and understandings, oral or written, between the Parties.

D.      The Parties agree that any rule of interpretation requiring ambiguities to be resolved against the drafting party shall not apply to the interpretation to this Agreement.

E.      This Agreement shall be governed by and interpreted by the laws of the State of Florida, without regard to choice of law rules.

F.      The Parties each further represent, warrant, and agree that, in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the claims released in this Agreement and that they have received independent legal counsel from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.

G.     This Agreement shall be binding upon and inure to the benefit of the Parties hereto, and to their respective officers, directors, employees, members, shareholders, agents, executors, successors and assigns.

H.     Each of the individuals executing this Agreement warrants that he or she has the authority to enter into this Agreement and to legally bind the party for which he or she is signing.

I.     This Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Facsimile signatures or e-mail signatures are acceptable for the execution of this Agreement.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

A AVENTURA CHIROPRACTIC CENTER, INC.

By: _David Muransky_

David Muransky, Owner

Dated: September 30, 2013

MED WASTE MANAGEMENT LLC

By: _____

Avrohom Prager, Managing Member

Dated: September ___, 2013


AVROHOM PRAGER
_____

Dated: September ___, 2013


ANDERSON & WANCA
*Attorneys for Plaintiff*

By: _Ryan M. Kelly_

David Oppenheim, Esq.
Ryan M. Kelly, Esq.
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501

Dated: September ___, 2013

HAYNES and BOONE, LLP
*Attorneys for Defendants*

By: _____

Kenneth J. Rubinstein, Esq.
Sarah Jacobson, Esq.
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone: (212) 659-4980
Facsimile: (212) 884-8214

Dated: September ___, 2013

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed on

the date set forth underneath their respective signatures.


A AVENTURA CHIROPRACTIC          MED WASTE MANAGEMENT LLC
   CENTER, INC.


By: _____          By: _____
   David Muransky, Owner             Avrohom Prager, Managing Member

Dated:  October __, 2013          Dated:  October __, 2013


                        _____

                        AVROHOM PRAGER

                        Dated:  October __, 2013


ANDERSON & WANCA          HAYNES and BOONE, LLP
*Attorneys for Plaintiff*          *Attorneys for Defendants*


By: _____          By: _____
   David Oppenheim, Esq.             Kenneth J. Rubinstein, Esq.
   Ryan M. Kelly, Esq.             Sarah Jacobson, Esq.
   3701 Algonquin Road, Suite 760             30 Rockefeller Plaza, 26th Floor
   Rolling Meadows, IL 60008             New York, New York 10112
   Telephone: (847) 368-1500             Telephone: (212) 659-4980
   Facsimile: (847) 368-1501             Facsimile: (212) 884-8214

Dated:  October __, 2013          Dated:  October /, 2013

**IN WITNESS WHEREOF**, the parties have caused this Agreement to be executed on the date set forth underneath their respective signatures.

A AVENTURA CHIROPRACTIC CENTER, INC.

MED WASTE MANAGEMENT LLC

By: _____
David Muransky, Owner

By: _____
Avrohom Prager, Managing Member

Dated: October ___, 2013

Dated: October _1_, 2013

By: _____
AVROHOM PRAGER

Dated: October _1_, 2013

ANDERSON & WANCA
*Attorneys for Plaintiff*

HAYNES and BOONE, LLP
*Attorneys for Defendants*

By: _____
David Oppenheim, Esq.
Ryan M. Kelly, Esq.
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501

By: _____
Kenneth J. Rubinstein, Esq.
Sarah Jacobson, Esq.
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone: (212) 659-4980
Facsimile: (212) 884-8214

Dated: October ___, 2013

Dated: October ___, 2013

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

A AVENTURA CHIROPRACTIC
CENTER, INC., individually and on behalf
of all others similarly situated,

                    Plaintiff,        Case No. 1:12-cv-21695

      v.                       Judge Cecilia M. Altonaga

MED WASTE MANAGEMENT, LLC, a    Magistrate Andrea M. Simonton
New York limited liability company,
AVROHOM PRAGER
               Defendants.

## ORDER PRELIMINARILY APPROVING THE CLASS ACTION SETTLEMENT, AND APPROVING THE CLASS NOTICE

This matter having come before the Court by stipulation of the parties, and upon review

and consideration of the Settlement Agreement executed by the parties, dated _____, 2013

(the "Agreement"), **IT IS HEREBY ORDERED** that:

    1.    Pursuant to Rule 23, the settlement of this action, as embodied in the terms of the

Agreement, is preliminarily approved.  The Court finds that:

        (a)    The Agreement was made in reasonable anticipation of potential liability

against Defendants which would arise from a finding that Defendants sent at least 20,000

fax advertisements without receiving prior express permission and without the opt-out

notice required by 64 C.F.R. 1200;

        (b)    The settlement amount is fair and reasonable because it is within the range

of statutory damages that could be awarded for the claims made by the Class and

potential damages that could be awarded if the Class prevailed on its claims;

N-234620_5

(c)     Defendants' decision to settle is reasonable based on the risk of an adverse judgment, the cost of defense, and the uncertainties of litigation;

(d)     The evidence adduced during discovery supports a finding that over 20,000 faxes were sent on behalf of Med Waste in May 2010 which did not contain the opt-out notice required pursuant to 64 C.F.R. 1200;

(e)     Defendants did not believe that they or the entity retained by Med Waste (i.e., Adverfax) were violating any laws or regulations by sending faxes;

(f)     Defendants did not intentionally, willfully or knowingly violate the TCPA; and

(g)     Defendants tendered the Litigation to James River Insurance Company ("James River") and James River denied coverage to Defendants under the Insurance Policy.

2.     The Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Agreement) and is hereby preliminarily adopted as an Order of this Court.

3.     The Agreement proposes class notice in the form of Exhibit 2A to the Agreement by fax and by publication in the form of Exhibit 2B.  The Court finds that the Agreement's plan for class notice is the best notice practicable under the circumstances, and that it satisfies the requirements of due process and Rule 23.  That plan is approved and adopted.  The Court further finds that the Notice of Class Action and Proposed Settlement complies with Rule 23, is appropriate as part of the notice plan, and is approved and adopted.  The Court orders that Class counsel shall provide notice to the Class by fax and publication.  Pursuant to the Agreement, the

Court orders that Defendant Med Waste Management, LLC pay for the fax and publication notice (in an amount not to exceed $10,000.00).

    4.    The Court sets deadlines and dates for the acts and events set forth in the Agreement and directs the parties to incorporate the deadlines and dates in the Class Notice:

    (a)    Objections and motions to intervene, filed by any class member, shall be filed in this Court and postmarked and served on Plaintiff's counsel and counsel for Defendants on or before _____, 2014, or shall be forever barred.

    (b)    All memoranda filed by any class member in connection with objections, motions to intervene, or the Final Approval Hearing must be filed in this Court, and postmarked and served on Plaintiff's counsel and on Defendants on or before _____, 2014, or shall be forever barred.

    (c)    Requests by any class member to opt-out of the settlement must be filed on or before _____, 2014, or shall be forever barred.  The Court shall rule on all requests for exclusion or opt-outs on _____, 2013.

    8.    The Fairness Hearing, set forth in the Class Notice, is hereby scheduled for _____, 2014, at _____ am/pm, in Room 12-2.

ENTER:

_____

The Honorable Cecilia M. Altonaga

**EXHIBIT 2-A**

**THIS IS A NOTICE OF A LAWSUIT SETTLEMENT**
You received it because your fax number is identified on a list
of fax numbers to which Defendants sent unsolicited advertising faxes.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

A AVENTURA CHIROPRACTIC
CENTER, INC., individually and on behalf
of all others similarly situated,

|  |  |  |
|---|---|---|
| | Plaintiff, | Case No. 1:12-cv-21695 |
| v. | | Judge Cecilia M. Altonaga |
| MED WASTE MANAGEMENT, LLC, a | | Magistrate Andrea M. Simonton |
| New York limited liability company, | | |
| AVROHOM PRAGER | | |
| | Defendants. | |

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

TO:   All persons who were sent one or more facsimiles in May 2010
from "Med Waste Management" with the phone number "888-
431-6386" and offering "Guaranteed 20% Savings"
(hereinafter, the "Class").

The Court ordered us to send you this Notice because you appear to be a member of the Class.
Your fax number was included on a list of fax numbers acquired in discovery.  This Notice
explains the nature of the lawsuit and the settlement terms and informs you of your legal rights
and obligations.

**A.   WHAT THIS LAWSUIT IS ABOUT:**  Plaintiff filed this action in the United States
District Court for the Southern District of Florida.  On behalf of a putative class, Plaintiff alleged
that Defendants violated the Telephone Consumer Protection Act ("TCPA") and common law
conversion by faxing unsolicited advertisements to the Class.  Defendants deny Plaintiff's
allegations and have raised defenses to the claims.

**B.   THE PROPOSED SETTLEMENT:**  The Court granted preliminary approval of a
class-wide settlement subject to a final fairness hearing that will occur on _____, 2013
at _____ a.m., in Room 12-2 of the United States District Court for the Southern District of
Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami, Miami FL 33128.

Plaintiff and Defendants have agreed to the settlement described below.  If you remain in the
Class and Plaintiff prevails against or reaches a settlement with Defendants' insurance company,
you will be sent a check for your portion of the proceeds.  If you do not wish to be bound by the

N-234621_4

settlement, you must opt-out as described below.

**1.**   **Recovery to Class Members:**  Defendants have agreed to allow a judgment to be entered against Med Waste Management, LLC in the amount of $10,000,000.00 on Counts I and II of the Second Amended Complaint in favor of the Class (represented by Plaintiff and its attorneys), enforceable only against Defendants' insurer, from the proceeds of Defendants' insurance policy.  Defendants assigned to the Class all rights and claims under the relevant insurance policy.  On behalf of the Class, Plaintiff and its attorneys will pursue a monetary recovery for the Class members.  Defendants also agreed to pay the costs of providing this notice.

The $10,000,000.00 judgment will comprise the Class recovery.  Each Class member which does not exclude itself, including Plaintiff, will receive a pro rata share of the Class recovery by check, void 90 days after issuance, if and when Plaintiff prevails against or reaches a settlement with Defendants' insurer.  Plaintiff's attorneys will pursue litigation against Defendants' insurer to attempt to recover the amount or some portion thereof of the Judgment.  This effort might not be successful.  The Class recovery is subject to further litigation and compromise, and a deduction for attorney's fees equal to 25 percent plus litigation expenses of the amount recovered from the insurer(s).  Any remaining portion of the Class recovery will be paid to charities approved by the Court.

**2.**   **Further Prosecutions Enjoined:**  On the Effective Date, Plaintiff and any Class member who does not opt-out as described below will be forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants or their officers, directors, employees, members, shareholders, agents, executors, successors and assigns in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action and/or the settled claims as defined in the Agreement; and all persons shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit as a class action against Defendants or their directors, officers, employees, members, shareholders, agents, executors, successors and assigns (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not timely excluded themselves from the Class if such other lawsuit it based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims.

**3.**   **Incentive Award:**  Plaintiff's attorneys will request that the Court authorize an incentive award of up to $15,000.00 to Plaintiff for serving as the Class Representative.

**C.**   **PLAINTIFF'S COUNSEL'S OPINION OF THE VALUE OF THE SETTLEMENT:**  In an individual TCPA action, a prevailing plaintiff may recover $500.00 per fax in statutory damages ($1,500.00 if a knowing violation is shown).  If the plaintiff does not

prevail, it will receive no payment.  Under certain state laws, prevailing Plaintiff may recover greater or lesser amounts for claims about unsolicited faxed advertisements, as some states have adopted their own TCPA-like statutes.  Those statutes may also contain defenses that do not exist under the TCPA and which may prohibit any recovery whatsoever.  Here, Plaintiff's attorneys will argue that the insurance policies cover the judgment.  Defendants' assets are limited and Defendants could not pay $500.00 for each of its 20,000 or more advertising faxes.  Defendants' insurance policy is the only meaningful source of recovery, but the insurer has argued it owes no money.

**D.     FAIRNESS HEARING:**  The Court will hold a hearing on the fairness of the proposed settlement.  At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including the amount of the award of costs and attorney's fees to Plaintiff's attorneys.  The fairness hearing will take place on _____, 2014 at _____ a.m., in Room 12-2 of the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami, Miami FL 33128. You are **not** obligated to attend this hearing unless you plan to object to the settlement.  The fairness hearing may be continued to a future date without further notice to the Class.

**E.     YOUR THREE OPTIONS:**

    **1.     Do nothing:**  If you do nothing, you will remain a member of the class.  You will receive a share of the recovery (if any) from Defendants' insurers.  You will be bound by the judgment and be bound by the injunction against prosecuting claims against Defendants and you will ultimately release your claims against Defendant.

    **2.     Opt-out of the settlement:**  You have the right to exclude yourself from both the class action and the settlement by filing a written request for exclusion with the Clerk of the Circuit Court of Cook County, Richard J. Daley Center, 50 W. Washington Street, Chicago, Illinois 60602.  Your request for exclusion must be filed on or before _____, 2014, and it must list your name, fax number, street address, and the name and number of this case.  You must also serve copies of the request for exclusion on attorneys for the Plaintiff, at the following addresses, postmarked by the same date:

    Plaintiff's Attorneys/Class Counsel:
    Ryan M. Kelly, Esq.
    ANDERSON + WANCA
    3701 Algonquin Road, Suite 760
    Rolling Meadows, IL  60008

**3.     Object to the settlement:**  If you object to the settlement, and wish to submit an objection rather than simply excluding yourself from the class action, you must submit your objection in writing to the Clerk of the United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami, Miami FL 33128. The objection must be filed by _____, 2013, and must refer to the name and number of the case.  You must also serve copies of your objection on one of the attorneys for the

Plaintiff and on Defendants listed above, postmarked by the same date. Any objection must include your name, fax number, and street address, the name and number of this case, and a statement of the reasons why you believe that the Court should find that the proposed settlement is not in the best interests of the Class. If you file an objection and wish it to be considered, you must also appear at the final approval hearing before Judge Cecilia M. Altonaga in Room 12-2 on _____, 2014 at _____ a.m. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU PLAN TO OBJECT TO THE SETTLEMENT. Please note that it is not sufficient to simply state that you object. You must state reasons why you believe the settlement should not be approved. If the Court does not approve the settlement, the case will proceed as if no settlement has been attempted.

This description of the case is general and does not cover all of the issues and proceedings. To see the complete file, including a copy of the settlement agreement, you can visit the office of the Clerk of the Circuit Court of United States District Court for the Southern District of Florida, Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami, Miami FL 33128. The Clerk will make the files relating to the lawsuit available to you for inspection and copying at your own expense.

**F.**     **INQUIRIES:** Any questions you or your attorney may have concerning this Notice should be directed to Ryan M. Kelly, Esq. of Anderson + Wanca at the address listed above. You can call him at 847-368-1500. Include the case number, your name, your fax number, and your current street address on any correspondence. Please do not contact the Clerk of the Court or Defendants' attorneys, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT**
**HONORABLE CECILIA M. ALTONAGA**

**EXHIBIT 2-B**

## Notice of Pending Class Action Lawsuit

**TO:**     **All persons who were sent one or more facsimiles in May 2010 from "Med Waste Management" with the phone number "888-431-6386" and offering "Guaranteed 20% Savings" (hereinafter, the "Class").**

The Circuit Court of Cook County, Illinois has certified the class of persons identified above in a lawsuit called *A Aventura Chiropractic Center, Inc. v. Med Waste, LLC,* Case No. 1:12-cv-21695, United States District Court for the Southern District of Florida, where the Plaintiff alleges that the Defendants violated the federal Telephone Consumer Protection Act and state laws by sending advertising faxes to persons throughout the United States. The faxes advertised its medical waste removal service. (Examples are on the website below.) Defendants deny the allegations in the lawsuit. The Court has not ruled on the merits of the claims or defenses. **If you are a Class Member you will be bound by the result of the lawsuit, whether favorable or unfavorable, unless you exclude yourself from the lawsuit. To do so, you must inform the parties by _____, 2013.** For detailed instructions about excluding yourself and other information about the lawsuit visit **www.MedWasteFaxClassAction.com or call ____.**

N-234622_1

**EXHIBIT 3**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

A AVENTURA CHIROPRACTIC
CENTER, INC., individually and on behalf
of all others similarly situated,

                        Plaintiff,        Case No. 1:12-cv-21695

             v.                      Judge Cecilia M. Altonaga

MED WASTE MANAGEMENT, LLC, a    Magistrate Andrea M. Simonton
New York limited liability company,
AVROHOM PRAGER
                    Defendants

### FINAL APPROVAL OF SETTLEMENT AGREEMENT AND JUDGMENT

**WHEREAS**, Plaintiff (on behalf of itself and the Class) and Defendants filed an

executed Settlement Agreement (the "Agreement") with the Court on _____, 2013; and

**WHEREAS**, the Court, on _____, 2013, entered an Order Certifying the

Settlement Class, Preliminarily Approving the Class Action Settlement, and Approving the Class

Notice (the "Preliminary Approval Order"), and directed that the Notice of Class Action and

Proposed Settlement be distributed to potential Class Members, and scheduled a hearing to be

held on _____, 2014, to determine whether the Settlement should be approved as fair,

reasonable, and adequate; and

**WHEREAS**, Plaintiff has demonstrated to the Court that such Notice of Class Action

and Proposed Settlement was distributed in accordance with the terms of the Preliminary

Approval Order; and

**WHEREAS**, in accordance with the Notice of Class Action and Proposed Settlement

disseminated to the potential Class Members, a hearing was held on _____, 2014, at

which all interested persons were given an opportunity to be heard;

**NOW, THEREFORE,** the Court, having read and considered all submissions made in connection with the Agreement, including statements in open court, finds and concludes as follows:

1.      The Complaint in this action alleged that Defendants faxed unsolicited advertisements to Plaintiff and the other members of a putative class.  The Complaint alleged Defendants' practice violated federal and state law and caused damages to Plaintiff and the other members of a putative class.

2.      As part of the Preliminary Approval Order, the Court certified the following Class for settlement purposes:

> All persons who were sent one or more facsimiles in May 2010 from "Med Waste Management" with the phone number "888-431-6386" and offering "Guaranteed 20% Savings."

The Court hereby affirms this definition of the Class for purposes of this Final Judgment.

3.      The Court certifies the Class as defined above, and, in so doing, finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met, in particular because:  (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) Plaintiff and its attorneys will fairly and adequately protect the interests of the Class; and (4) a class action is an appropriate method for the fair and efficient settlement of this controversy.

4.      Plaintiff and Defendants executed the Agreement and filed it with the Court.  The Agreement provides for the settlement of this action on behalf of Plaintiff and the Settlement Class, subject to the Court's approval.  The Court scheduled a hearing to consider approval of the

N-234625_8

2

Agreement, and directed that notice of the Agreement and of this hearing be disseminated to the Class in accordance with the terms of the Preliminary Approval Order.

5.     In accordance with the terms of both the Agreement and the Preliminary Approval Order, Plaintiff caused the Notice of Class Action and Proposed Settlement to be disseminated, informing potential Class Members of the pendency of this Action and of the terms of the settlement, and of their opportunity to request exclusion from the Class or to object to the terms of the settlement. Plaintiff's attorneys confirmed to the Court on _____, 2013 that the dissemination of the Notice of Class Action and Proposed Settlement had occurred in accordance with the Preliminary Approval Order.

6.     The Court hereby finds that the Notice of Class Action and Proposed Settlement disseminated to the potential Class Members in accordance with the terms of the Preliminary Approval Order constituted the best notice practicable under the circumstances. The Affidavit confirming dissemination of the Notice of Class Action and Proposed Settlement filed with this Court demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice of Class Action and Proposed Settlement was complied with, and that the best notice practicable under the circumstances was in fact given, and constituted valid, due, and sufficient notice to Class Members and potential Class Members.

7.     Plaintiff and Defendants have applied to the Court for final approval of the terms of the Agreement and for the entry of this Final Approval Order. Pursuant to the Notice of Class Action and Proposed Settlement, and upon notice to all parties, a hearing was held before this Court on _____, 2013, to determine whether the Court should approve the Agreement as a fair, reasonable, and adequate compromise of this litigation, and whether the Final Approval Order, without prejudice to the enforcement of the final judgment entered, should be entered.

8.      The Court hereby finds that the Agreement is the result of good faith negotiations by the parties thereto, and that it will further the interests of justice.  The Agreement is hereby incorporated into and adopted as part of this Order.

9.      Additionally, based upon the evidence presented by the parties the Court makes the following findings:

(a)      The Agreement was made in reasonable anticipation of potential liability against Defendants which would arise from a finding that Defendants sent at least 20,000 fax advertisements without receiving prior express permission and without the opt-out notice required by 64 C.F.R. 1200;

(b)      The settlement amount is fair and reasonable because it is within the range of statutory damages that could be awarded for the claims made by the Class and potential damages that could be awarded if the Class prevailed on its claims;

(c)      Defendants' decision to settle is reasonable based on the risk of an adverse judgment, the cost of defense, and the uncertainties of litigation;

(d)      The evidence adduced during discovery supports a finding that over 20,000 faxes were sent on behalf of Med Waste in May 2010 which did not contain the opt-out notice required pursuant to 64 C.F.R. 1200;

(e)      Defendants did not believe that they or the entity retained by Med Waste (i.e., Adverfax) were violating any laws or regulations by sending faxes;

(f)      Defendants did not intentionally, willfully or knowingly violate the TCPA; and

(g)     Defendants tendered the Litigation to James River Insurance Company ("James River") and James River denied coverage to Defendants under the Insurance Policy.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Court has jurisdiction over the subject matter of this Action, the Plaintiff, the Class Members, and Defendants.

2.     The Court's certification of the following class remains in effect:   "All persons who were sent one or more facsimiles in May 2010 from 'Med Waste Management' with the phone number '888-431-6386'" and offering 'Guaranteed 20% Savings' (hereinafter, the "Class").

3.     The Court appoints Plaintiff as the class representative and appoints Plaintiff's attorney (Ryan M. Kelly) as class counsel.

4.     It is hereby determined that the Notice of Class Action and Proposed Settlement, as disseminated to members of the Class in accordance with provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all members of the Settlement Class, and is therefore finally approved as reasonable.   Due and adequate notice of the pendency of this Action and of this Settlement has been provided to members of the Class, and this Court hereby finds that the notice program described in the Preliminary Approval Order and completed by Plaintiff complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

5.     _____ members of the Class filed Requests for Exclusion.   See Exhibit 1.   The person(s) listed on Exhibit 1 to this order are hereby excluded from the Class.   All remaining Class Members are bound by this Final Judgment and by the Agreement and the settlement

embodied therein, including the covenant not to execute provided for in the Agreement and in this Final Approval Order.

6.      All provisions and terms of the Agreement are hereby found to be fair, reasonable, and adequate as to the Class Members and Plaintiff, and all provisions and terms of the Agreement are hereby finally approved in all respects.  The Court makes, restates and adopts the findings in paragraph 9.

7.      The parties are hereby directed to consummate the Agreement in accordance with its terms.

8.      The Court enters judgment against Defendant Med Waste Management LLC and in favor of the Class in the total amount of $10,000,000.00 on Counts I and II of the Complaint (the "Judgment").  Med Waste agrees to pay amounts spent for the initial notice to the Class within 30 days of the presentment of the invoice (as more fully described in Sections 3 and 4 above), in an amount not to exceed $10,000.00.  Med Waste agrees to pay the remainder of the $10,000.00, if any, within 90 days of the Effective Date (as defined in the Agreement).  For the sake of clarity, any amount paid for the initial notice to the Class shall be deducted from the amount due and payable after the Effective Date.  The remainder of the Judgment is to be satisfied only from Med Waste's insurer, James River Insurance Company ("James River") and the proceeds of Med Waste's insurance policy with James River, and not from property or assets of Defendants or its officers, directors, employees, members, shareholders, agents, executors, successors or assigns.  Any recovery obtained on the Judgment shall not be disbursed except upon approval by the Court.  The Court retains jurisdiction over this case for purposes of implementing this order.

N-234625_8

6

9.      Defendant Avrohom Prager shall be dismissed as a party to the Litigation, with prejudice, within five (5) business days of the later of the Effective Date and any payments due from Med Waste pursuant to Section 8 above.

10.     The Court hereby approves Defendants' assignment to the Class, as set forth in the Agreement, of Defendants' claims, rights to payment, and rights of action against James River, which issued an insurance policy, numbered 00041766-0, in effect from January 13, 2010 through January 13, 2011.

11.     It is hereby ordered that Plaintiff shall receive $15,000.00 from any recovery against James River, in accordance with the Agreement, as an incentive payment for its services to the Class. Each Class member, including Plaintiff, which does not exclude itself will receive a pro rata share of the amount recovered. Such payments will be made by checks void 90 days after issuance.

12.     It is hereby ordered that Plaintiff's attorneys shall receive attorneys' fees equal to 25 percent plus litigation expenses from any recovery against Defendants' insurer(s), in accordance with the Agreement.

13.     It is hereby ordered that any funds received from Defendants' insurer remaining after payment of all class administration costs, the incentive award to Plaintiff, the attorney's fees and remaining litigation expenses to Plaintiff's attorneys, and all payments to the class members, shall be paid as a *cy pres* award to a charity or charities approved by this Court at the request of Plaintiff's attorneys.

14.     On the Effective Date, any Class member who does not opt-out from the Class is forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in,

participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants and/or any of their officers, directors, employees, members, shareholders, agents, executors, successors and assigns, in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action and/or the settled claims as defined in the Agreement; and all Class members who have not been excluded from the Class shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit, either an individual action or as a class action, against Defendants, their directors, officers, employees, members, shareholders, agents, executors, successors and assigns (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not been excluded from the Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims.

15.     Plaintiff and each Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendants not to execute on the Judgment against any asset or property of any kind of Defendants, or any of its officers, directors, employees, members, shareholders, agents, executors, successors or assigns thereof, but rather have agreed to pursue collection of the Judgment solely against James River.  This provision does not release the Judgment against Defendants to be entered herein, nor does it release the asserted claims that are the basis for the entry of the Judgment, which are merged into the Judgment, or the right to enforce the Judgment in favor of the Plaintiff and the Class against James River

N-234625_8                                    8

16.     The terms of the Agreement and of this Order and the accompanying Final Judgment shall be forever binding on Plaintiff, Defendants, their insurers, and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

17.     The Court has jurisdiction to enter this Order and continuing jurisdiction to enforce the provisions of this Order.

18.     Defendants shall provide reasonable cooperation to Plaintiff in any action against James River and agree to comply with the terms of the Agreement.

19.     This is a final and appealable order and there is no just reason to delay enforcement or appeal.

20.     Post-judgment interest shall accrue from the date of entry of this Judgment Order.

ENTER:

Dated: _____, 2014          _____

Judge Cecilia M. Altonaga

**EXHIBIT 4**

To Whom It May Concern:

**Re: *Med Waste Management, LLC ("Med Waste")***

Dear Sir/Madam:

We represent A Aventura Chiropractic Center, Inc. and a class of similarly-situated persons (collectively, the "Class Action Plaintiffs") who brought a lawsuit against Med Waste in the United States District Court for the Southern District of Florida (*A Aventura Chiropractic, Inc. v. Med Waste Management, LLC, Inc.*, Case No. 12-CV-21695, the "Class Action"). The purpose of this letter is to elaborate on certain aspects of the settlement of the Class Action (the "Settlement").

As part of the Settlement, Med Waste consented to have a judgment entered against it (the "Judgment"). The Class Action Plaintiffs are only permitted to seek recovery or collection on the Judgment from Med Waste's insurer. The Judgment is a non-recourse obligation of Med Waste. Med Waste has no financial obligation, responsibility, or liability for payment of the Judgment.

Under the terms of the Settlement, the Class Action Plaintiffs have agreed not to enforce or record the judgment against Med Waste and are therefore, estopped from executing or seeking to collect or recover on the Judgment from Med Waste, *provided, however*, that the Class Action Plaintiffs may seek to recover from Med Waste's insurer.

Very truly yours,

_____

Ryan M. Kelly, Esq.
Anderson + Wanca
Counsel for the Class Action Plaintiffs

**EXHIBIT 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

A AVENTURA CHIROPRACTIC
CENTER, INC., individually and on behalf
of all others similarly situated,

                Plaintiff,        Case No. 1:12-cv-21695

        v.                Judge Cecilia M. Altonaga

MED WASTE MANAGEMENT, LLC, a    Magistrate Andrea M. Simonton
New York limited liability company, and
AVROHOM PRAGER,
                Defendants.

## DECLARATION OF AVROHOM PRAGER

Avrohom Prager, declares pursuant to 28 U.S.C. § 1746:

1.      I am a defendant in this action and make this declaration based upon my personal knowledge, records kept by Med Waste Management, LLC ("Med Waste") in the normal and ordinary course of business, and materials supplied to me by attorneys in this matter.

2.      At all relevant times, I have been a member of Med Waste and have managed Med Waste's day-to-day operations.

3.      In around November 2009, Med Waste contracted to obtain a list of fax numbers from Adverfax.  (A true and correct copy of the contract is attached as Exhibit A.)

4.      To the best of my knowledge, in May 2010, Adverfax sent faxes on Med Waste's behalf which advertised Med Waste's services, to fax numbers Med Waste purchased from Adverfax.

5.      I did not believe that Adverfax and/or Med Waste were violating any laws or regulations by sending the faxes.

N-234627_8

6.     Med Waste has freely and voluntarily agreed to enter into a settlement of this matter.  Med Waste believes that the settlement is fair and reasonable in light of the uncertainties of litigation, costs to defend the litigation, and the potential risk of a finding of liability against it and resultant damages.

7.     Med Waste does not have the financial wherewithal to satisfy the settlement amount.

8.     Other than what is contained in the settlement agreement executed by the parties (the "Agreement"), Med Waste has not entered into any agreement with Plaintiff, Plaintiff's counsel, or the class.  Med Waste will not share in any recovery made by Plaintiff or the class in this action (including any recovery by virtue of any action against Med Waste's insurer).

9.     Med Waste provided notice to its insurer, James River Insurance Company ("James River"), of this action.  James River denied coverage to Med Waste under the insurance policy it issued and has not paid any defense costs in connection with this action.  (A true and correct copy of the correspondence received from James River is attached as Exhibit B.)

I declare under penalty of perjury that the foregoing is true and correct.

Dated: September 30, 2013

_____
Avrohom Prager

N-234627_8

# EXHIBIT A



**10097 Cleary Blvd. Plantation, FL 33324**
**Phone: 954-237-7043**
**E-mail: AdverFax@aol.com**
Faxleadstoday.com

## Fax List / Fax Modem Agreement

**Invoice #112409**
**Company: Medwaste Management LLC**
**Name: Abraham Prager**
**Address: 180 Park Ave South**
**City, State and Zip: Lindenhurst, NY 11757**
**Phone: 732-664-0422**
**E-mail:  avrohomp@gmail.com**
**Representative: Bob Martino**

**This agreement includes the installation of FREE fax software on customers computer and the sale of the following fax lists in Florida, New Jersey and NY area codes 917,914, 845, 718, 646, 212 & 516:**

**1. Funeral Homes - 1,586**
**2. Vets - 2,893**
**3. Nursing Homes - 2,179**
**4. Pharmacies - 2,745**
**5. Doctors - 27,120**

1

**Total Number Of Fax Numbers: 43,480**
**Also, includes formatting the data and setting up and showing client how to use the fax software. After the initial fax setup and customer wants continued programing and wants us to handle leads and removes there will be a monthly fee of $125.00 per month for a 2 line fax system.**
**Total Cost: $1,000.00**

**Terms of Agreement:**

**This agreement is non-cancelable by customer.  Abraham Prager acknowledges full and complete understanding of the terms contained herein. All sales are final. Abraham Prager acknowledges upon signing of this agreement that he has not relied upon any promises or statement representations other than as contained herein. Abraham Prager authorizes credit card payment to Visa Or Master Card and Adverfax, Inc. as described above. Abraham Prager to supply unlimited long Distance phone lines.**

**\* I have read and understand this agreement.**

**Visa ____ Master Card ____   (Please Select)**

**Name On Card: Abraham Prager**

**Credit Card Billing Address:**

**Credit Card #**

**3 digit number on the back of credit card:**

**Exp Date:**

**\* I have read and understand this agreement.**

**I Abraham Prager agree to pay AdverFax, Inc and Visa or Master Card the above listed amounts.**

**11-24-09**

_____         Date:
Accepted by:

_Robert Martin_

                                                11-24-09
_____
Approved By:                                    Date:

**Please Sign This Contract / Credit Card**
**Authorization And Fax To:**

**1-305-851-4006**

**Thank You For Your Business!**

# EXHIBIT B

**Fran Tedesco**

| From: | Bullock, Angela |
| Sent: | Tuesday, July 17, 2012 10:47 AM |
| To: | frant@brooks-ins.com |
| Subject: | New Loss AAventura Chiropractic Center v. Med Waste Management LLC Policy No. 00014303 DOL 5-12-10 James River Claim No. 00014303 |

Fran,

This will acknowledge receipt of this lawsuit. It appears that the allegations are not covered under the James River Policy as the matter involves a violation of the Telephone Consumer Protection Act and Conversion. The insured may wish to contact his personal counsel to protect his interest in this case.

James River specifically reserves all of its rights and remedies under the policy, and under the statutes, and common law. No action taken by James River in this matter should be construed as a waiver by or estoppel of these rights and remedies or any of the terms, conditions, exclusions, or limitations of the policy.

Thank you,

Angela Bullock
Senior Claims Examiner
James River Insurance Company
6641 West Broad Street Suite 300
Richmond, VA 23230
Fax: 804-420-1058
Phone: 804-289-2155
angela.bullock@jamesriverins.com

7/17/2012

*Run gmo 886-9432*



# JAMES RIVER
## INSURANCE

July 24, 2012

*Closed 7/24/12*

**Certified Mail – Return Receipt Requested 7012 0470 0001 3160 2981**

Abraham Prager
Medwaste Management LLC
1860 52nd Street #1E
Brooklyn, NY 11251

RE:   **ACKNOWLEDGMENT OF LAWSUIT AND DENIAL OF COVERAGE**
       **Insured:**       **Medwaste Management LLC**
       **Policy No.:**    **00041766-0**
       **Policy Term:**  **01/13/2010 to 01/13/2011**
       **Case of:**      *A Aventura Chiropractic Center, Inc. v. Med Waste*
                      *Management LLC, et al.*
       **Venue:**        **United States District Court for the Southern District of**
                       **Florida**
       **Case No.:**     **1:12-cv-21695-CMA**
       **Our File No.:**   **00014303**

Dear Mr. Prager:

    James River Insurance Company ("James River") was recently notified of the captioned lawsuit, which was filed by Aventura Chiropractic Center ("Aventura") against Med Waste Management LLC ("Med Waste") on May 4, 2012. Having compared the allegations of the complaint with the terms of the captioned policy, James River disclaims coverage based upon the policy's TCPA exclusion, amongst others detailed below.

## THE COMPLAINT

    On May 4, 2012, Aventura filed a class-action complaint against Med Waste in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, in an action bearing Case No. 1:12-cv-21695. The complaint alleged that on or about May 12, 2010 and May 14, 2010, Med Waste faxed unsolicited advertisements to more than fifty unknown recipients. Based upon these allegedly improper fax transmissions, Aventura pleads two counts on behalf of itself and others that are similarly situated. The first count is for violations of the Telephone Consumer Protection Act ("TCPA"). Aventura seeks statutory damages for Med Waste's violations, including treble damages. The second count is for common law conversion. Aventura alleges that the TCPA violations had the affect of improperly converting the plaintiffs' fax machines, toner and paper.

**Claims Department**
**James River Insurance Company**
6641 West Broad Street, Suite 300 ● Richmond, Virginia 23230 ● 804.289.2700 ● Fax 804.420.1058
www.jamesriverins.com

**Medwaste Management LLC**
**July 24, 2012**
**Page 2 of 8**

Med Waste failed to respond to the complaint. Consequently, the clerk entered a default against it on June 12, 2012. Over a month after the default, James River was first notified of the lawsuit on July 16, 2012.

## THE POLICY

James River issued a Commercial General Liability Policy to "Medwaste Management LLC" as the Named Insured, under Policy No. 00041766-0, with coverage effective from January 13, 2010 through January 13, 2011. The principal coverage form is Form CG 00 01 10 01, titled **"Commercial General Liability Coverage Form."** In pertinent part, the form provides:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" for "bodily injury" or "property damage" to which this insurance does not apply...

2. **Exclusions**

   This insurance does not apply to:

   a. **Expected Or Intended Injury**

      "Bodily injury" or "property damage" expected or intended from the standpoint of the insured...

**COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for which this insurance does not apply....

2. **Exclusions**

   This insurance does not apply to:

**Claims Department**
**James River Insurance Company**
6641 West Broad Street, Suite 300 • Richmond, Virginia 23230 • 804.289.2700 • Fax 804.420.1058
www.jamesriverins.com

Medwaste Management LLC
July 24, 2012
Page 3 of 8

a.    **Knowing Violation Of Rights Of Another**

"Personal and advertising injury" caused by or at the direction of
the insured with the knowledge that the act would violate the
rights of another and would inflict "personal and advertising
injury."

**SECTION IV – COMMERCIAL GENERAL LIABILITY
CONDITIONS**

2.    **Duties In The Event Of Occurrence, Offense, Claim
Or Suit**

a.    You must see to it that we are notified as soon
as practicable of an "occurrence" or an offense
which may result in a claim.  To the extent
possible, notice should include:

(1)    How, when and where the "occurrence"
or offense took place;

(2)    The names and addresses of any
injured persons and witnesses; and

(3)    The nature and location of any injury or
damage arising out of the "occurrence"
or offense.

b.    If a claim is made or "suit" is brought against any
insured, you must:

(1)    Immediately record the specifics of the
claim or "suit" and the date received;
and

(2)    Notify us as soon as practicable.

You must see to it that we receive written notice
of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

(1)    Immediately send us copies of any
demands, notices, summonses or legal
papers received in connection with the
claim or "suit";

(2)    Authorize us to obtain records and other
information;

**Medwaste Management LLC**
**July 24, 2012**
**Page 4 of 8**

    (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    d.    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

**SECTION V – DEFINITIONS** ...

14.  "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a.    False arrest, detention or imprisonment;

    b.    Malicious prosecution;

    c.    The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d.    Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e.    Oral or written publication, in any manner, of material that violates a person's right of privacy

    f.    The use of another's advertising idea in your "advertisement"; or

    g.    Infringing upon another's copyright, trade dress or slogan in your "advertisement". ...

17.  "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

**Claims Department**
**James River Insurance Company**
6641 West Broad Street, Suite 300 • Richmond, Virginia 23230 • 804.289.2700 • Fax 804.420.1058
www.jamesriverins.com

Medwaste Management LLC
July 24, 2012
Page 5 of 8

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

The policy also contains Form AP2029US 11-05, which is titled "**Combined Policy Exclusions.**" In pertinent part, the form provides:

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

The following exclusions are added to this policy:

DUTY TO DEFEND EXCLUSION

Where there is no coverage under this policy, there is no duty to defend.

The policy also contains Form AP2111US 11-05, which is titled "**Exclusion – Punitive Damages.**" This form provides:

This endorsement modifies insurance provided under the following:

ALL COVERAGE PARTS

COMBINED POLICY EXCLUSIONS, DAMAGES LIMITATION EXCLUSION is deleted in its entirety and replaced with the following:

Damages mean a monetary judgment, award, or settlement.  Damages do not include:

  a.   Civil or criminal fines, sanctions or penalties, whether imposed pursuant to statute or otherwise; or

  b.   Judgments or awards arising from acts or omissions deemed uninsurable by law; or

  e.   Punitive or exemplary damages and the multiplied portion of multiplied damages....

The policy also contains Form CG 00 67 03 05, titled "**Exclusion – Violation of Statutes that Govern E-Mails, Fax, Phone Calls or Other Methods of Sending Material or Information.**" This form provides in pertinent part:

THIS ENDORSEMENT CHANGES THE POLICY.   PLEASE READ IT CAREFULLY.

Claims Department
James River Insurance Company
6641 West Broad Street, Suite 300 • Richmond, Virginia 23230 • 804.289.2700 • Fax 804.420.1058
www.jamesriverins.com

**Medwaste Management LLC**
July 24, 2012
Page 6 of 8

**EXCLUSION – VIOLATION OF STATUTES THAT GOVERN E-MAILS, FAX, PHONE CALLS OR OTHER METHODS OF SENDING MATERIAL OR INFORMATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A.  The following exclusion is added to Paragraph 2., **Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

  2.  **Exclusions**

    This insurance does not apply to:

    **DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES**

    "Bodily injury" or "property damage" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

      a.  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law....

B.  The following exclusion is added to Paragraph 2., **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

  2.  **Exclusions**

    This insurance does not apply to:

    **DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES**

    "Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

      a.  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law....

### DISCLAIMER

Under Coverage A – Bodily Injury and Property Damage Liability, James River disclaims coverage to the extent that the lawsuit seeks neither "bodily injury" nor "property damage," as required for coverage under the insuring agreement. Aventura simply alleges economic damages based on Med Waste's statutory violations. James River also disclaims to the extent that the bodily injury or property damage, if any, is excluded by the Expected or Intended Injury, Exclusion 2.a. In Paragraph 31, Aventura alleges that Med Waste sent advertising faxes to the class members without first obtaining prior express invitation or permission. A natural and reasonable consequence

**Claims Department**
**James River Insurance Company**
6641 West Broad Street, Suite 300 ● Richmond, Virginia 23230 ● 804.289.2700 ● Fax 804.420.1058
www.jamesriverins.com

**Medwaste Management LLC**
July 24, 2012
Page 7 of 8

of sending a fax without invitation or permission is that the recipient's toner and paper are temporarily misappropriated, resulting in foreseeable lost use.

Under Coverage B – Personal and Advertising Injury Liability, James River disclaims coverage to the extent that the lawsuit does not seek damages because of "personal and advertising injury," as required for coverage under the insuring agreement.

Under both coverage parts, James River also disclaims coverage because the policy excludes coverage for injury arising directly or indirectly out of alleged TCPA violations (Form CG 00 67 03 05). All of the allegations in the complaint involve damages flowing from Med Waste's violation of the statute involving unsolicited faxes.

Also under both parts of the policy, James River disclaims coverage under the duty to defend exclusion (Form AP2029US 11-05) as well as the exclusion for punitive damages (Form AP2111US 11-05).

Last, James River disclaims coverage to the extent that it did not timely receive notice of the pending action. Under Section IV – Commercial General Liability Conditions, 2. Duties In The Event of Occurrence, Offense, Claim Or Suit, Med Waste was obligated to immediately notify James River of the action. Instead, suit was filed in May 2012 and James River was first notified two months later after a default had already been entered.

**RESERVATION OF RIGHT TO AMEND**

Nothing in this letter should be construed as a waiver or surrender of the policy terms, limitations, exclusions, conditions or agreements. Nor should this letter be considered an exhaustive recitation of all the potential coverage issues or provisions of the policy that might apply. James River's decision to deny coverage is based strictly on the information made available at this time. By this disclaimer, James River does not waive or intend to waive any of its rights, nor does it waive any of the terms, conditions or provisions of the policy. James River specifically reserves all of its rights and remedies under the policy, as well as under statutes and common law.

While James River regrets that this incident does not fall within the purview of coverage, it is its intent to provide coverage that is available under the policy. If any of the information summarized in this letter is erroneous for any reason or if you otherwise have additional information that you would like James River to consider, or if our understanding of any aspect of this claim is erroneous for any reason, please immediately forward it to our attention so we can reconsider our position.

Finally, we encourage you to tender this claim to any other insurers that might provide coverage for this matter. Please feel free to contact me at (804) 289-2155 should you have any questions regarding this claim. I can also be reached via email at Angela.Bullock@jamesriverins.com.

Claims Department
**James River Insurance Company**
6641 West Broad Street, Suite 300 • Richmond, Virginia 23230 • 804.289.2700 • Fax 804.420.1058
www.jamesriverins.com

Medwaste Management LLC
July 24, 2012
Page 8 of 8

Sincerely,

Angela Bullock
Senior Claims Examiner
James River Insurance Company

**Applicable in Florida and Idaho**

Any person who knowingly and with the intent to injure, defraud or deceive any Insurance Company files Statement of Claim containing any false, incomplete or misleading information is guilty of a felony.*
**In Florida – Third Degree Felony**

**Applicable in Arkansas, Delaware, District of Columbia, Kentucky, Louisiana, Maine, Michigan, New Jersey, New Mexico, New York, North Dakota, Pennsylvania, South Dakota, Tennessee, Texas, Virginia, Washington and West Virginia**

Any person who knowingly and with intent to defraud any insurance company or another person, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent insurance act, which is a crime, subject to criminal prosecution and [NY: substantial] civil penalties.  In DC, LA, ME, TN VA and WA insurance benefits may also be denied.

cc:    Pearl Ifowitz
        Prime Insurance Agency
        960 E. County Line Rd
        Lakewood, NJ 08701

        Fran Tedesco
        Brooks Insurance Group
        70 Bridge Plaza Drive
        Manalapan, New Jersey 07726

**Claims Department**
**James River Insurance Company**
6641 West Broad Street, Suite 300 • Richmond, Virginia 23230 • 804.289.2700 • Fax 804.420.1058
www.jamesriverins.com