UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-21695-CIV-ALTONAGA

A AVENTURA CHIROPRACTIC
CENTER, INC.,

    Plaintiff,
v.

MED WASTE MANAGEMENT
LLC, *et al.*,

    Defendants.
_____/

## ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT

**THIS CAUSE** came before the Court at a fairness hearing [ECF No. 169], held on July 11, 2014, to determine final approval of the fairness and reasonableness of the parties' Settlement Agreement [ECF No. 158-1], filed with the Court on November 8, 2013. On November 14, 2013, the Court entered an Order Preliminarily Approving the Class Action Settlement, and Approving the Class Notice ("Order Preliminarily Approving Settlement") [ECF No. 159]. The Order Preliminarily Approving Settlement directed the parties to provide notice to the class by direct U.S. mail and publication, and ordered any objections and motions to intervene to be filed by May 9, 2014. (*See id.* 3). The Court received requests for exclusion from four class members: South Miami Pharmacy II [ECF No. 163]; Yonkers Animal Hospital P.C. [ECF No. 164]; Parochial Medical Center [ECF No. 165]; and Roberto Turnbull, M.D. [ECF No. 166].

Having conducted a fairness hearing and reviewed Plaintiff's Brief in Support of Final Approval of Settlement [ECF No. 168], the Court is satisfied adequate notice has been given to the Class and the Settlement Agreement should be approved as fair, reasonable, and adequate.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Settlement Agreement **[ECF No. 158-1]** is **APPROVED and ADOPTED** as part of this Order. The Court finds that:

    a. The Settlement Agreement was made in reasonable anticipation of potential liability against Defendants which would arise from a finding that Defendants sent at least 20,000 fax advertisements without receiving prior express permission and without the opt-out notice required by 64 C.F.R. section 1200;

    b. The settlement amount is fair and reasonable because it is within the range of statutory damages that could be awarded for the claims made by the Class and potential damages that could be awarded if the Class prevailed on its claims;

    c. Defendants' decision to settle is reasonable based on the risk of an adverse judgment, the cost of defense, and the uncertainties of litigation;

    d. The evidence adduced during discovery supports a finding that over 20,000 faxes were sent on behalf of Med Waste in May 2010 which did not contain the opt-out notice required pursuant to 64 C.F.R. section 1200;

    e. Defendants did not believe that they or the entity retained by Med Waste (i.e., Adverfax) were violating any laws or regulations by sending faxes;

    f. Defendants did not intentionally, willfully or knowingly violate the TCPA; and

  g. Defendants tendered the Litigation to James River Insurance Company ("James River") and James River denied coverage to Defendants under the Insurance Policy.

2. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

3. The Court affirms the following definition of the Class for settlement purposes:

   > All persons who were sent one or more facsimiles in May 2010 from "Med Waste Management" with the phone number "888-431-6386" and offering "Guaranteed 20% Savings."

4. The Court finds the requirements of Federal Rule of Civil Procedure 23 have been met because (1) the Class is so numerous that joinder of all members is impracticable; (2) there are common questions of fact or law that predominate over any questions affecting only individual members; (3) Plaintiff and its attorneys will fairly and adequately protect the interests of the Class; and (4) a class action is an appropriate method for the fair and efficient settlement of this controversy.

5. The Court approves the distribution of the Class Notice, conducted as provided for in the Order Preliminarily Approving Settlement [ECF No. 159], and finds such notice was the best notice practicable under the circumstances and satisfies the requirements of due process and Federal Rule of Civil Procedure 23(c)(2)(B).

6. The Court appoints Plaintiff as the class representative and appoints Plaintiff's attorney, Brian J. Wanca, as class counsel.

7. No members of the Class objected to the settlement. Four members of the Class filed requests for exclusion: South Miami Pharmacy II [ECF No. 163]; Yonkers Animal Hospital P.C. [ECF No. 164]; Parochial Medical Center [ECF No. 165]; and Roberto

Turnbull, M.D. [ECF No. 166]. Those members are hereby excluded from the Class. All remaining Class Members are bound by the Settlement Agreement and this Order, including the covenant not to execute provided for in the Settlement Agreement.

8. The Court enters judgment against Defendant, Med Waste Management LLC and in favor of the Class in the total amount of $10,000,000.00 on Counts I and II of the Complaint (the "Judgment"). Med Waste agreed to pay a total of $10,000.00 within 90 days of the Effective Date (as defined in the Settlement Agreement), which has been made. A portion of that sum shall be used for the initial notice to the Class. Any amount paid for the initial Notice to the Class shall be deducted from the amount due and payable after the Effective Date. The remainder of the Judgment is to be satisfied only from Med Waste's insurer, James River, and the proceeds of Med Waste's insurance policy with James River, and not from property or assets of Defendants or its officers, directors, employees, members, shareholders, agents, executors, successors or assigns. Any recovery obtained on the Judgment shall not be disbursed except upon approval by the Court.

9. Defendant Avrohom Prager is dismissed, with prejudice, as a party to this action.

10. The Court approves Defendants' assignment to the Class, as set forth in the Settlement Agreement, of Defendants' claims, rights to payment, and rights of action against James River, which issued an insurance policy, numbered 00041766-0, in effect from January 13, 2010 through January 13, 2011.

11. Plaintiff shall receive $15,000.00 from any recovery against James River, in accordance with the Settlement Agreement, as an incentive payment for its services to the Class. Each Class member, including Plaintiff, which does not exclude itself will

receive a pro rata share of the amount recovered. Such payments will be made by checks void 90 days after issuance.

12. Plaintiff's attorneys shall receive attorneys' fees equal to 25 percent plus litigation expenses from any recovery against Defendants' insurer(s), in accordance with the Settlement Agreement.

13. Any funds received from Defendants' insurer remaining after payment of all class administration costs, the incentive award to Plaintiff, the attorney's fees and remaining litigation expenses to Plaintiff's attorneys, and all payments to the class members shall be paid as a *cy pres* award to a charity or charities approved by the Court at the request of Plaintiff's counsel.

14. On the Effective Date, any Class member who does not opt-out from the Class is forever barred and permanently enjoined from directly, indirectly, representatively or in any other capacity, filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from any other lawsuit, any other arbitration, or any other administrative, regulatory, or other proceeding against Defendants and/or any of their officers, directors, employees, members, shareholders, agents, executors, successors and assigns, in any jurisdiction based on or relating in any way whatsoever to the claims and causes of action, or the facts or circumstances relating thereto, in or underlying the Action and/or the settled claims as defined in the Settlement Agreement; and all Class members who have not been excluded from the Class shall be forever barred and permanently enjoined from filing, commencing, or prosecuting any other lawsuit, either an individual action or as a class action, against Defendants,

their directors, officers, employees, members, shareholders, agents, executors, successors and assigns (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who have not been excluded from the Class if such other lawsuit is based on or related to the claims and causes of action or the facts and circumstances relating thereto, in this Action and/or the settled claims.

15. Plaintiff and each Class Member, and their heirs, executors, administrators, representatives, agents, successors and assigns, and any and all other Persons claiming through or by virtue of them, have covenanted with Defendants not to execute on the Judgment against any asset or property of any kind of Defendants, or any of its officers, directors, employees, members, shareholders, agents, executors, successors or assigns thereof, but rather have agreed to pursue collection of the Judgment solely against James River. This provision does not release the Judgment against Defendants to be entered herein, nor does it release the asserted claims that are the basis for the entry of the Judgment, which are merged into the Judgment, or the right to enforce the Judgment in favor of the Plaintiff and the Class against James River.

16. The terms of the Settlement Agreement, adopted by this Order, shall be forever binding on Plaintiff, Defendants, their insurers, and all other Class Members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve settled Claims.

17. Defendants shall provide reasonable cooperation to Plaintiff in any action against James River and agree to comply with the terms of the Settlement Agreement.

18. Post-judgment interest shall accrue from the date of entry of this Order.

19. The Court retains jurisdiction for the purposes of enforcing the Settlement Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of July, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record